Wylie, J.-
I have been requested by the chief justice to say that he dissents in this decision, and for myself I concur in his dissent.
We all agree that the receiver has performed faithfully his duty in this case.
It is a matter entirely for the discretion of the couft. It may discharge or appoint a receiver. A majority of the court in this case seem to think that experience has shown that this *226 property has not yielded much for the benefit of the creditor, and the remedy is to take it out of the hands of the receiver, who has been doing something in that way, and put it in the hands of the debtor, from whom nothing would be received for the creditor.
There is one circumstance, I may say, that would seem — I do not know whether sufficient to authorize the discharge of this receiver — -hut, at any rate, to reconcile me to the decree or order, and that is, the unaccountable delays of the creditor in bringing the cause to final hearing. Here is a cause standing upon a plea which may be set down for hearing at any time, and there seems to have been unnecessary delay in this respect. Undoubtedly there are good reasons for it, but they are not apparent to me.